IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-0373 |
| BRANDON MCCRORY-SAUNDERS, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

On January 30, 2018, Defendant Brandon McCrory-Saunders ("Defendant" or "McCrory-Saunders") pled guilty to conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. (Information, ECF No. 152; Arraignment, ECF No. 158.) On May 10, 2018, this Court sentenced McCrory-Saunders to 72 months (6 years) of imprisonment with credit for time served in federal custody since July 14, 2017, to be followed by a three-year term of supervised release. (Judgment, ECF No. 209.) McCrory-Saunders is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), where the Bureau of Prisons reports that there is only one case of COVID-19 as of August 13, 2020.[1]

On May 14, 2020, McCrory-Saunders filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he cites concerns about the spread of COVID-19 at FCI Fort Dix. (ECF No. 259.) The Government opposes the motion. (ECF No. 261.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6

---

[1] Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/(last visited Aug. 13, 2020).

(D. Md. 2018). For the reasons stated herein, Defendant's Motion for Compassionate Release (ECF No. 159) is DENIED.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

I.  **Administrative Exhaustion Requirements.**

McCrory-Saunders has satisfied the preconditions to filing his Motion for Compassionate Release. On May 5, 2020, McCrory-Saunders submitted an "Inmate Request to Staff" addressed to David B. Ortiz, the warden of FCI Fort Dix, and requested compassionate release from prison. (ECF No. 259 at 6.) On May 11, 2020, McCrory-Saunders' request was denied. (*Id.* at 7.) As 30 days have elapsed since McCrory-Saunders'

request was submitted to the warden, his Motion for Compassionate Release is properly before this Court.

## II.     Extraordinary and Compelling Reasons.

McCrory-Saunders has not presented "extraordinary and compelling reasons" for his release from prison. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has determined that "extraordinary and compelling reasons" exist where, for example, a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify extraordinary and compelling reasons "other than, or in combination with" those identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Though they provide useful guidance, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and

compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In his motion, McCrory-Saunders argues that the presence of COVID-19 at Fort Dix and the inability to follow social distancing protocols justifies his immediate release from prison. McCrory-Saunders does not present the circumstances described in U.S.S.G. § 1B1.13 or represent that he suffers from any medical conditions which render him uniquely susceptible to the coronavirus. Absent evidence of such conditions, the mere existence of COVID-19 does not require compassionate release. As this Court has previously admonished, "the coronavirus is not tantamount to a get out of jail free card." *United States v. Hiller*, ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quotation marks and citation omitted). Accordingly, McCrory-Saunders is not entitled to compassionate release.

## CONCLUSION

Accordingly, it is HEREBY ORDERED this 13th day of August, 2020, that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 259) is DENIED.

\_\_\_/s/_____

Richard D. Bennett
United States District Judge